UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRIS SEVIER, | § § | |
| Plaintiff, | § | |
| VS. | § § | CIVIL ACTION NO. 4:16-CV-347 |
| GREG ABBOTT, *et al*, | § § | |
| Defendants. | § § | |

## ORDER

Before the Court is Plaintiff's motion to proceed in forma pauperis (Doc. #4), Motion for Extension of Time to Respond to the State's Motion to Dismiss, and Motion for Leave to File Excess Pages (Doc. #9).

This case is about a man who wishes to marry his computer. The man, Chris Sevier, is an attorney. This is not the first time he has made this case. *See* Order Denying Leave for Chris Sevier to Intervene, *Brenner v. Scott*, 999 F. Supp. 2d 1278 (N.D. Fla. 2014 Apr. 24, 2014) (Case No. 4:14cv107-RH/CAS) ("Perhaps the motion is satirical. Or perhaps it is only removed from reality. Either way, the motion has no place in this lawsuit."); *see also* Order, *Kitchen v. Herbert*, 755 F.3d 1193 (10th Cir. May 5, 2014) (No. 13-4178) (denying Sevier's motion to intervene).

Plaintiff seeks to file his case in forma pauperis, declaring that he cannot pay the costs of the proceedings. Doc. #4 at 5. His affidavit indicates that he has an income of $3,500 per month from a wounded warrior fund related to a combat injury. *Id.* at 5. He supports no dependents with this income. *Id.* at 6. His expenses are listed as: $800 for rent, $700 for food, $300 for clothing, $60 for laundry and dry cleaning, $700 for medical and dental expenses, $700 for transportation, and $500 for "recreation, entertainment, newspapers, magazines, etc." *Id.* His bank account balance recently fell below $25. *Id.* at 4.

The statute authorizing the court to grant in forma pauperis status to an indigent litigant states that:

> Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). The in forma pauperis statute "is intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, 'in any court of the United States' solely because his poverty makes it impossible for him to pay or secure the costs." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 341 (1948).

The mere execution of an affidavit of indigence does not automatically entitle a litigant to proceed in forma pauperis. *Ponder v. Schultz*, No. 3:02-CV-1353-P, 2002 WL 31114054, at *1 (N.D. Tex. Sept. 20, 2002). Rather, the Court enjoys limited discretion to grant or deny a motion for leave to proceed in forma pauperis based upon the financial statement set forth within the applicant's affidavit. *Id.* (citing *Adkins*, 335 U.S. at 337; *Green v. Estelle*, 649 F.2d 298, 302 (5th Cir. 1981); 28 U.S.C. § 1915(a)). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988) "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Here, the Court does not find that Plaintiff would suffer undue financial hardship from paying the $400 filing fee. Plaintiff has an income of $3,500 per month.[1] Of that, he spends $500

---

[1] Plaintiff claims that his income is "Federally protected and [is] not designed for court related purposes, especially civil rights matters." Doc. #5. But he cites no authority for this proposition.

2

on entertainment. If Plaintiff wishes to file a lawsuit adjudicating his constitutional right to marry his computer, he may take money out of his recreation fund to do so. Plaintiff is entitled to bring this lawsuit, but he is not entitled to have the public pay for it.

IT IS HEREBY ORDERED that Plaintiff's motion to proceed in forma pauperis is denied and the petition will be dismissed without notice, unless within thirty (30) days of the date of this Order Plaintiff tenders the appropriate filing fees made payable to the United States District Clerk.

Plaintiff's Motion for Leave to File Excess Pages is DENIED. Plaintiff shall limit his Response to 20 pages.

Plaintiff's Motion for Extension of Time to Respond to State's Motion to Dismiss is GRANTED. Plaintiff shall respond within 7 days of this Order.

IT IS SO ORDERED

APR 0 7 2016

_____  
Date

_____  
THE HONORABLE ALFRED H. BENNETT  
UNITED STATES DISTRICT JUDGE

3